FIRE ASSOCIATION OF PHILADELPHIA, Appellant, *v.* ISBRANDTSEN COMPANY, INC., Respondent, et al., Defendants.

Supreme Court, Appellate Term, First Department, October 26, 1950.

*William R. Vincent* for appellant.

*Robert A. Hendrickson* for respondent.

*Per Curiam.* This action is maintainable by a subrogee who may bring such suit within one year, nowithstanding the failure to give notice of a defect in the shipment within three days after delivery. Upon failure to give such notice, however, there is a presumption of good delivery in favor of the carrier, which claimant must overcome by proof.

In the statute, the Carriage of Goods by Sea Act (§ 3; U. S. Code, tit. 46, § 1303, subd. [6]), the following appears: " *Provided,* that if a notice of loss or damage, either apparent or concealed, is not given as provided for in this section, that fact shall not affect or prejudice the right of the shipper to bring

suit within one year after the delivery of the goods or the date when the goods should have been delivered.''

The defendant carrier's contention here is that since this present action is not brought by the shipper, the carrier is completely absolved because of plaintiff's failure to give it written notice of damage on or before the expiration of three days after delivery to or for the account of the consignee. We do not so read the statute nor ascribe to it such a harsh implication. Since the second separate and complete defense purports to be a complete bar to suit, rather than the assertion of a statutory presumption of good delivery, the defense should be stricken.

The order should be reversed, with $10 costs and disbursements, and motion granted.

EDER, SCHREIBER and HECHT, JJ., concur.

Order reversed, etc.